Richardson, Ch. J.,
delivered the opinion of the court:
Allotments by officers and others of the Navy from their pay, towards the support of their families or other relatives during absence on public duty, are by the Navy Regulations governed by minute and strict directions and requirements.
They must not exceed one-half the pay of the person, except by special permission of the Secretary of the Navy. After having been signed they must have the approval of the commanding officer of the vessel or station to which the person is attached, and will be registered by the pay officer of such vessel or station; they must be executed in duplicate, and in the case of commissioned or warrant officers one part is transmitted by the pay officer who has,registered them to the Fourth Auditor’s Office, and they are subject to various other regulations. (Navy Regulations of 1876, § 11, p. 124.)
The claimant, about to leave in the Jeannette on the Arctic Exploring Expedition, made an allotment of $00, a month from his pay to his wife for the term of three years, in conformity with the regulations. This he had a right to do, and as it was less than half his pay neither the Secretary of the Navy nor anybody else had a right to interfere with it. It "was registered with the Fourth Auditor, whose only authority in the matter was to audit an.account monthly for $90 in favor of Mrs. Melville. It was also registered with the pay officer of the Jeannette, from whom the claimant had a right to draw the balance of his pay.
During his absence, and without his consent or knowledge, the Secret ary of the Navy undertook to “ authorize” the Fourth *77 Auditor to increase tbe amount of the allotment $50 a months that is, to $140 a month instead of $90, and thereby the defendants were led to pay Mrs. Melville $650 beyond the claimant’s allotment. The Secretary of the Navy had no legal power to give such an authorization, and the Fourth Auditor, whose duty in the premises was fixed by law and the regulations, above and beyond the control of the Secretary, derived no authority from it. The order was not only an interference with the rights of the claimant, whose salary was wholly within his own control to appropriate as he saw fit, but was in contravention of the duties and obligations of the pay officer of the Jeannette, who under the law was authorized to pay the claimant all his salary above the $90 allotted by him, and in the distant region where he was it could not be known to him that any larger sum was deducted by the Fourth Auditor and paid to some one else.
The claimant is entitled to recover the sum of $650, withheld from his salary, and judgment will be so entered.